UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY EUGENE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1205-JDT-egb |
| | ) | |
| DANNY JACOBS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DISMISSING CLAIMS,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 19, 2015, Plaintiff Billy Eugene Stewart ("Stewart"), who is currently an inmate at the Trousdale Turner Correctional Center ("TICC") in Hartville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 regarding allegations at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. (ECF No. 1.) After receiving a court order (ECF No. 3), on August 28, 2015, Stewart filed a motion to proceed *in forma pauperis*. (ECF Nos. 4.) In an order issued September 2, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5) The Clerk shall record the defendant as inmate Danny Jacobs.

I. The Complaint

Stewart alleges that on May 10, 2015, between 5:30 p.m. and 6:45 p.m., he was talking to inmate Jacobs ("Jacobs") who was intravenously using Suboxone. (Compl. at 4, ECF No. 1.)

After he "shot up,'" Jacobs slung Stewart onto his bunk and proceeded to sexually assault him. (*Id.*) Stewart began screaming and trying to get him off and was able to grab Jacobs's genitals, pulling as hard as he could. (*Id.*) Jacobs's cellmate, Brown, came back into the cell, having hadthe cell door opened by the c/o, and saw Stewart jump up and run out of the cell. (*Id.*) Stewart ran to his own cell and pushed the emergency call button. (*Id.* at 4-5.)

Stewart seeks to have to have Jacobs charged and to be compensated for damages and pain and suffering. (*Id.* at 5.)

## II. Analysis

A. <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a

plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. § 1983 Claim

Stewart filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a

4

defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### 1. Claims against Jacobs

Defendant Jacobs is a private citizen. Stewart makes no allegations that he is employed by the state. Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). The fact that Jacobs is an inmate, in control of the state, does not make him an actor of the state.

### 2. Claims seeking Charges

Stewart cannot compel any criminal prosecution of any defendant. As a private citizen, Stewart has no authority to initiate a federal criminal prosecution of any defendant for alleged unlawful acts. *Kafele v. Frank & Wooldridge Co.*, 108 Fed. App'x 307, 308-09 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Hamilton v. Reed*, 29 Fed. App'x 202, 204 (6th Cir. 2002) (same). The decision of whether to institute state or federal criminal proceedings is a decision committed wholly to the discretion of the State District Attorney or the United States Attorney. This Court cannot order that Jacobs be charged with a crime.

### III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

### IV. Appeal Issues

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*.

*See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

V. Conclusion

The Court DISMISSES Stewart's complaint as to the Defendant for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to Amend is DENIED because the deficiencies in Stewart's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal[1] of one of his cases as frivolous or for failure to state a claim. This "strike"

---

[1] *See Stewart v. Hardeman County Correctional Facility, et.al*, No. 15-1204-JDT-egb (W.D. Tenn. July 21, 2016) (dismissed for failure to state a claim).

shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE